REYNOLDS, J.
Upon tbe evidence and upon the charge of the court the verdict must be taken as establishing that the plaintiff had a valid claim against one Samuels for about seventeen hundred dollars, and a part of said money being overdue, plaintiff pressed for payment, whereupon Samuels being unable to pay the money, proposed to turn out goods to liquidate the whole claim, insisting, however, that plaintiff should advance some $375 in cash which he, Samuels, needed for his personal uses, which advance was also to be covered and paid by the goods turned out to the plaintiff.
Plaintiff complied with the condition for the purpose of securing his debt in the manner proposed. A bill of sale was' made, the claim against Samuels discharged, and the cash above named advanced. This transaction is found to have been bona fide, and without intent to hinder, delay or defraud the creditors, of Samuels.
The only serious question arising upon this appeal, was raised upon the motion to. direct a verdict for defendant at the close of plaintiff’s testimony, and by the 5th and 6th requests to charge.
The defendant’s contention is “ that one of the conditions under which this transfer was made was that Mr. Spiegel should give this man three or four hundred dollars for the purpose of living, and that amounted substantially to making a bill of sale, reserving an interest in the grantor.”
We cannot see how this was a reservation of an interest or trust in the property conveyed. What it amounted to, was simply that the plaintiff was compelled, in order to secure his claim, to pay a certain amount in cash, in addition to discharging the indebtedness, the whole being at least an adequate price for what he got, and the money paid belonged to the vendor to do with it what he pleased. The plaintiff had nothing to say as to the use that should be made of it. The price paid passed absolutely to plaintiff.
This disposes of the exceptions taken at the close of plaintiff’s case, and to the refusal to charge defendant’s 6th request. The 5th request is as follows: “ If any interest in the property was reserved to the debtor, or some benefit secured to him with the knowledge of Speigel, then the conveyance is void.” The court of course would have charged, that reserving to the debtor an interest in the property conveyed, would vitiate the conveyance ; but in the light of the position adhered to by defendant throughout the trial, the second clause of the request, to wit: “ some benefit secured to the debtor with the knowledge of Speigel,” seems plainly to refer to the use or benefit which the debtor secured by exacting the money, over and above the indebtedness, as the consideration for making the conveyance. At any rate, it is broad enough to cover the defendant’s claim on *881 that subject. For the reasons already given, this part of the request was unsound. The exception taken to the refusal to charge the request as a whole, must therefore fail.
The judgment and order denying new trial must be affirmed with costs of appeal.
CLEMENT, J., concurs.